IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>VALERITAS HOLDINGS, INC., et al.,<br><br>―――――――――――――――――<br><br>EMERALD CAPITAL ADVISORS CORP., as Liquidating Trustee of Valeritas Holdings, Inc.,<br><br>           Plaintiff,<br><br>           v.<br><br>JOHN TIMBERLAKE, RODNEY ALTMAN, PETER DEVLIN, JOE MANDATO, BRIAN ROBERTS, KATHERINE CROTHALL, GEOFFREY JENKINS, ERICK LUCERA, MATT NGUYEN, JOSEPH SALDANHA, SCOTT HUIE, MIKE REED, CHRIS GREGORY, MARK CONLEY AND JEFFREY ZAJAC,<br><br>           Defendants. | Chapter 11<br><br>Case No. 20-10290 (JKS)<br><br><br><br>Adv. Pro. No. 22-50108 (JKS) |

**ORDER GRANTING MOTION OF DEFENDANTS FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW FOR ADVANCEMENT AND PAYMENT OF DEFENSE COSTS UNDER D&O INSURANCE POLICIES**

Upon the motion (the "Motion")[1] of Defendants John Timberlake, Rodney Altman, Peter Devlin, Joe Mandato, Brian Roberts, Katherine Crothall, Geoffrey Jenkins, Erick Lucera, Matt Nguyen, Joseph Saldanha, Scott Huie, Mike Reed, Chris Gregory, Mark Conley, and Jeffrey Zajac (collectively, "Defendants") for entry of an order (this "Order") modifying the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, Rule 4001(d) of the Federal Rules of

―――――――――――――

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to the extent necessary to allow the Insurers under the D&O Policies to pay, reimburse, and/or advance insurance proceeds, and/or to make payments for accrued and unpaid Defense Costs.

3. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby further modified to the extent necessary to allow the Insurers under the D&O Policies to pay, reimburse, and/or advance insurance proceeds and/or make payments from the D&O Policies for post-petition Defense Costs that are anticipated to accrue through the resolution of the Adversary

Proceeding, including to allow the Insurers to pay and/or reimburse the fees and expenses of any mediator agreed to by the Parties to mediate this matter and/or in connection with any settlement of the Adversary Proceeding.

4. The Parties understand and agree that advancements by the Insurer to counsel for the Insured Persons under the applicable D&O Policies will reduce and may exhaust the applicable D&O Policies' limits of liability, and no advancements and/or payments made in accordance with this Order, and in accordance with the D&O Policies, shall be deemed improper.

5. Nothing herein shall constitute a finding by the Court or an admission by any Insurer or the Parties, nor a waiver of any of the Parties' respective rights and remedies, that the proceeds of the D&O Policies are or are not property of the Debtors' estates, and the Court makes no finding as to the applicability of the automatic stay imposed by section 362(a) of the Bankruptcy Code as to the applicable D&O Policies' proceeds; *provided, however*, that the Parties acknowledge and agree that the payments made pursuant to this Order cannot be challenged or recovered by any of the Parties or any Insurer on the basis that the proceeds of the D&O Policies used to make those payments are property of the Debtors' estates.

6. The Parties acknowledge and agree that advancements of Defense Costs under this Order are made pursuant to the D&O Policies and properly are credited by the Insurers against any D&O Policies limit (aggregate or otherwise) and shall be applied toward exhaustion of any such D&O Policies limit (aggregate or otherwise) unless and until any permitted repayment to the Insurer actually is made on account of any amount previously advanced.

7. Nothing in this Order shall constitute (i) a waiver, modification or limitation of any Insurer's reservation of all of its rights, remedies and defenses under the applicable D&O Policies,

and/or (ii) a finding that such sums are due and owing, or in what amount, under the applicable D&O Policies.

8. Nothing in this Order shall constitute a waiver, modification or limitation of the Debtors', any Insured Persons', or any other insured individual's reservation of all rights, remedies and defenses under the applicable D&O Policies or applicable law, including in connection with any claim for indemnification, reimbursement or subrogation.

9. Nothing in this Order shall constitute a waiver, modification or limitation of the Debtors' reservation of all of its rights, remedies and defenses in connection with any claim for indemnification, reimbursement or subrogation.

10. Except as set forth herein, this Order shall not modify or change any of the terms and conditions of the D&O Policies.

11. The 14-day stay under Bankruptcy Rule 4001(a)(3) is hereby waived and the Insureds may immediately access coverage under the D&O Policies.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: November 22nd, 2022
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4